IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TRACY ALLEN WILLIAMS**                    **PETITIONER**

**v.**                    **CIVIL ACTION NO. 2:20-MC-94-KS-MTP**

**LAYNE CARVER,** *et al.*                    **RESPONDENTS**

## ORDER

On July 6, 2020, Petitioner filed a Motion for Reconsideration [6]. Therein, he argues that the basis for this Court's jurisdiction is 9 U.S.C. § 9, rather than 28 U.S.C. § 1332, as he asserted in his petition.

As the Court stated in its previous Order [5], actions seeking confirmation of arbitration awards under 9 U.S.C. § 9 must state an independent basis for federal jurisdiction. *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004); *Hamstein Cumberland Music Group v. Williams*, 532 F. App'x 538, 542 (5th Cir. 2013); *Wisc. Comm'r of Ins. v. Cal. Reinsurance Mgmt. Corp.*, 819 F. Supp. 797, 800 (E.D. Wisc. 1993) (citing numerous cases). In this respect, the Federal Arbitration Act is "something of an anomaly in the field of federal-court jurisdiction in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020). "Such independent bases include diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." *Id.*

As the Court previously noted, Petitioner is a citizen of Colorado, and he

admitted that two of the Respondents are citizens of Colorado. For diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). The parties to this case are not completely diverse, and, therefore, the Court does not have diversity jurisdiction.

To determine whether a petition under 9 U.S.C. § 9 presents a federal question, courts "look through [the] petition to determine whether it is predicated on an action that arises under federal law." *Quezada*, 946 F.3d at 841 (*Vaden v. Discover Bank*, 556 U.S. 49, 62, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009)). Petitioner has not demonstrated that the underlying dispute which was purportedly subject to arbitration arises under federal law. Therefore, he has not demonstrated that the Court has federal question jurisdiction.

It is axiomatic that the party asserting the existence of federal jurisdiction has the burden of demonstrating that jurisdiction is proper. *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). Petitioner has not met that burden. Therefore, the Court did not err, and it **denies** Petitioner's Motion for Reconsideration [6].

SO ORDERED AND ADJUDGED this 7th day of July, 2020.

                                            /s/   Keith Starrett
                                            KEITH STARRETT
                            UNITED STATES DISTRICT JUDGE